State of Libya
Embassy of the State of Libya
Washington, D.C.



دولة ليبيا
سفارة دولة ليبيا – واشنطن

14 December 2021

Dear Judge Koeltl,

    Please find enclosed a letter from Mr. Mohamed Ramadan Mohamed, General Manager of the Libya Asset Management and Recovery Office (LARMO).

Respectfully,

Khaled Daief
Chargé d'Affaires
Embassy of the State of Libya



RECEIVED
DEC 16 2021
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

1460 Dahlia St., NW, Washington, D.C. 20012 / Tel: (202) 944-9601 / Fax: (202) 944-9606 / info@embassyoflibyadc.com

حكومة الوحدة الوطنية

**Government of National Unity**

مكتب إسترداد أموال الدولة الليبية وإدارة الأصول المستردة

**LIBYA ASSET RECOVERY & MANAGEMENT OFFICE**



التاريخ : __/__/__          إشاري : _____

Libya Asset Recovery & Office ("LARMO")
C/O Embassy of the State of Libya,
1460 Dahlia Street, NW Washington DC. 20012

Ex parte Application Case No1:21-mc-0852.

Dear Judge John D Koeltl,

On 6 June 2021, the Prime Minister of the Government of National Unity (GNU) appointed me as the General Manager of Libya Asset Management & Recovery Office (LARMO) pursuant to Decision No. 122 of 2021 and it is in this role that I write through the Libyan Embassy in Washington DC.

Under National Accord resolution No. 1496/2019, LARMO is constituted with the objective of investigating, tracing and repatriating to Libya all funds, assets and properties belonging to the Libyan State that were misappropriated through looting, smuggling or other criminal acts such as bribery or corruption.

I write to you in reference the application to your court in Ex parte Application Case No1:21-mc 0852. Unfortunately, the legal firms who brought this case and were engaged by my predecessor at LARMO, have acted without appropriate legal authority, despite my letter to them on September 6th, (please find attached), also sent through official Libyan government channels at our US Embassy.

This letter clearly instructed them to cease "all and any activities" subject to my authorization for any further activities, which they have ignored, and which unfortunately you have not been made aware. LARMO does not support their filing, as it is contrary to our strategy of positive engagement with banks and other financial institutions, and we would ask you to dismiss or dispose of the application, as currently presented.

Yours Sincerely,

Mohamed Ramadan
General Manager, LARMO

 

Monday September 6th, 2021

Office of the Deputy Assistant Secretary for Africa and the Middle East
U.S. Treasury Department

ATT: US Legal Firms BakerHostetler and Holland & Knight

CC: Oren Warshavsky, Partner, BakerHostetler
CC: Warren Gluck, Partner, Holland & Knight
CC: Steve Sonberg, CEO, BakerHostetler
CC: Paul Schmidt, Chairman, BakerHostetler

Warren.Gluck@hklaw.com
Steven.Sonberg@hklaw.com
owarshavsky@bakerlaw.com
pschmidt@bakerlaw.com

**Libya Asset Recovery & Management Office ("LARMO")**

As you may know, LARMO was created under The Presidential Council of the Government of National Accord resolution No. 1496/2019. LARMO is constituted with the objective of investigating, tracing and repatriating to Libya all funds, assets and properties belonging to the Libyan State that were misappropriated through looting, smuggling or other criminal acts such as bribery or corruption that falls within the meaning of the UN Anti-Corruption Convention, International Treaties or any other national legislation. In addition to the foregoing asset tracing and recovery remit, LARMO is constituted to manage the recovered assets for the benefit of the Libyan people.

On 6 June 2021, the Prime Minister of the Government of National Unity (GNU) appointed me as the General Manager of Libya Asset Management & Recovery Office (LARMO) pursuant to Decision No. 122 of 2021 and it is in this role that I write through the Libyan Embassy in Washington DC.

It is my understanding that the previous General manager of LARMO, under the previous Government of National Accord (GNA), authorised you in some format to make representations on




behalf of LARMO. It has come to my attention that you continue to seek funding in the United States with litigation funders and to engage in asset recovery-type activity, without my authorisation for this policy or activity or my knowledge of your activities to date.

As such, I would request that you and your colleagues and any associates you may have engaged, immediately cease all and any activities on behalf of LARMO until you are able to report fully to my office on your activities to date and gain authorisation by myself for any further activities or not.

I would bring to your attention that LARMO and my office is supported in its work by the Government of the Unites States, including the US Treasury and the US State Department, and has the full support of the Libyan Ambassador.

Please reply to me by soonest date that you have complied my order to desist all activities, as above, subject to review and authorisation; within 7 days of sending of this letter. Furthermore, please be aware that I will be in DC in September or October on official business and would welcome an opportunity to meet with your law firms and to assess what work you have carried out for LARMO and provide my feedback, as appropriate.

Yours sincerely

Mr Mohamed Mensli



GOVERNMENT OF NATIONAL UNITY
**LIBYAN ASSET RECOVERY & MANAGEMENT OFFICE**

Mohamed M. Mensli
General Manager

00218 91 345 7062
0044 7858 321 926
Mo.mensli@larmo-libya.org