UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/30/2023
```

In re: *Ex Parte* Application of Libyan Asset Recovery and Management Office to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782,

            Petitioner.

21-MC-852 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

     Petitioner, the Libyan Asset Recovery and Management Office (LARMO), represented by Baker & Hostetler LLP (B&H), filed this action on December 9, 2021, seeking leave pursuant to 28 U.S.C. § 1782 to serve various New York-based banks with subpoenas for the purposes of "obtaining necessary discovery in aid of contemplated foreign proceedings." App. (Dkt. 1) at 1. LARMO's application, which has been referred to me for general pretrial management (Dkt. 7), was initially supported by the Declaration of Anwar Arif, who attested that he was the President of LARMO; that LARMO was "charged with the international recovery of looted, abandoned, or neglected state assets"; that the discovery sought in New York was designed to uncover assets misappropriated from the Libyan State by its former ruler Muammar Muhammad Abu Minyar al-Gaddafi, "his family, and/or his agents"; and that "LARMO intend[ed] to use the information obtained pursuant to this Application to bring legal proceedings around the world to seize and recover assets consistent with its mandate and for the benefit of the Libyan people." Arif Decl. (Dkt. 5) ¶¶ 1, 30, 35.

     On December 17, 2021, the Court received a letter on the letterhead of the Embassy of the State of Libya, bearing the signature of Chargé d'Affaires Khaled Daief, attaching a letter on LARMO letterhead, bearing the signature of General Manager Mohamed Ramadan. (Dkt. 9.) According to Ramadan, he was engaged as LARMO's General Manager pursuant to "Decision No. 122 of 2021" by the Libyan Prime Minister. (*Id.* at ECF p. 2.) Ramadan stated that "the legal

firms who brought this case . . . were engaged by [his] predecessor at LARMO" and "acted without appropriate legal authority[.]" (*Id.*) Ramadan, in turn, attached what appears to be an unsigned letter, dated September 6, 2021, in which "Mr Mohamed Mensli" asked B&H to "immediately cease all and any activities on behalf of LARMO until you are able to report fully to my office on your activities to date and gain authorisation by myself for any further activities or not." (*Id.* at ECF p. 4.)[1]

Three days later, Oren J. Warshavsky of B&H, counsel of record for LARMO, informed the Court that his firm was "discussing [the December 17 letter] with our co-counsel . . . and others at [LARMO]," and planned to respond "later this week." (Dkt. 10.) However, no response was submitted. Consequently, on January 13, 2022, I stayed the instant action "pending further response by petitioner." (Dkt. 11.)

More than one year passed with no further activity on the docket. On April 27, 2023, I directed petitioner to file a status report advising the Court whether or not it intends to pursue this action. (Dkt. 12.) On May 18, 2023, attorney Warshavsky filed a letter informing the Court that "[p]etitioner seeks to proceed with this application." 5/18/23 Ltr. (Dkt. 15) at 1. According to Warshavky, Decision No. 122 (upon which Mensli relied for his appointment) was declared to be "illegal and invalid" in an opinion of the Libyan Administrative Control Authority on October 12, 2021 – that is, before this action was commenced. *Id.* at 2. Thereafter, Warshavsky reports, there were "further proceedings in Libya," including a February 20, 2022 ruling of the Court of Appeals in Libya "annulling the Decision." *Id.* at 2. Although the Prime Minister appealed that

---

[1] A business card incorporated into the unsigned September 6 letter listed Mohamed Mensli as the General Manager of LARMO. (Dkt. 9, at ECF p. 4.) LARMO's website identifies its Director General as Dr. Mohamed Ramadan Mensli. *See* Libyan Asset Recovery & Management Office, "Director General Message," https://larmo.gov.ly/en/general-managers-speech/ (all webpages last visited May 30, 2023). The Court therefore surmises that Mohamed Ramadan and Mohamed Mensli are one and the same person.

Ruling to the Supreme Court of Libya, the Supreme Court dismissed the appeal on November 17, 2022, leaving intact the February 20, 2022 ruling that annulled Decision No. 122. *Id.* Since then, however, "another petition seeking to overturn or reverse the February 20, 2022 Court of Appeals ruling (annulling the Decision) was recently filed." *Id.*

Although neither B&H nor Holland & Knight (identified by Warshavsky as its co-counsel) were involved in the Libyan judicial proceedings, they were "provided with the results," which were "confirmed by a Libyan attorney." 5/18/23 Ltr. at 2. Warshavsky attaches, among other things, a Certificate of Judgment dated February 20, 2022, issued by the Administrative Bureau of the Tripoli Court of Appeals, together with a certified English translation (Dkt. 15-3), and a decision of the Administrative Cassation Circuit of the Supreme Court, dated November 17, 2022, together with a certified English translation. (Dkt. 15-4.) Warshavsky's letter, which is unsworn, concludes with an assurance that "[u]nder any scenario, and regardless of any future personnel changes within LARMO that may occur," petitioner "is an 'interested person' within the meaning of 28 U.S.C. § 1782." 5/18/23 Ltr. at 2.

The Court does not doubt that LARMO is an interested person within the meaning of the statute. The Court is not convinced, however, that either Mr. Arif or B&H is authorized to press this action on LARMO's behalf, particularly as – according to LARMO's website – Dr. Mensli continues to act as its Director General on the world stage, including by meeting with a United Nations delegation on May 10, 2023,[2] and with representatives of many nations, including the United States, at a meeting of the Camden Asset Recovery Inter-Agency Network in Brussels on May 3-5, 2023.[3]

---

[2] *See* n.1, *supra*, at https://larmo.gov.ly/en/larmo-discusses-the-libyan-asset-recovery-with-the-united-nations-office-on-drugs-and-crime/.

[3] *Id.* at https://larmo.gov.ly/en/larmo-attends-carin-network-of-law-enforcement-and-judicial-practitioners/. According to the website, Dr. Mensli met in Brussels with "the American

Consequently, it is hereby ORDERED no later than **June 16, 2023**, petitioner shall submit an updated declaration from an officer or other authorized representative of LARMO with authority to direct litigation on behalf of that entity, confirming that LARMO wishes to pursue this action.

It is further ORDERED that petitioner shall serve a copy of that declaration, together with a copy of this Order, on Mohamed Ramadan Mensli, care of the Libyan Embassy in Washington, D.C., and file proof of such service on the docket of this action.

Should Dr. Mensli wish to respond to petitioner's submission, he may do so no later than **July 16, 2023**, under oath.

Dated: New York, New York  
May 30, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

---

delegation led by Adam Schwartz of the Money Laundering and Asset Recovery (MLAW) unit of the US Department of Justice." *Id.*