# EXHIBIT J



| State of Libya | دولة ليبيا |
| Administrative Control Authority | هيئة الرقابة الإدارية |
| Office of the President | مكتب الرئيس |

الرقم الإشاري: 21-7327
التاريخ: 2021/10/12

السيد المحترم / رئيس مجلس الوزراء
بحكومة الوحدة الوطنية

بعد التحية ،،

في إطار المهام المُسندة لهيئة الرقابة الإدارية بموجب أحكام قانون إنشائها رقم (20) لسنة 2013م المُعدل بالقانون رقم (17) لسنة 2016م ولائحته التنفيذية .

تولت الهيئة دراسة قراري مجلس الوزراء رقم (107) لسنة 2021م بخصوص تقرير بعض الأحكام في شأن الهيكل التنظيمي لمكتب إسترداد أموال الدولة الليبية وإدارة الأموال المُستردة ، والقرار رقم (122) بشأن تسمية مدير عام مكتب إسترداد أموال الدولة وإدارة الأموال المُستردة .

هذا وقد تبين بأن القرارين المذكورين أعلاه مشوبين بعيب عدم الإختصاص الجسيم "عيب إغتصاب السلطة" ومن المعلوم بأن الإختصاص هو مجموعة الصلاحيات والمسؤوليات التي يعهد بها المشرع بموظف ما أو لهيئة إدارة معينة من أجل الوصول إلى الأهداف المكلفين بتحقيقها ، عند ما تقوم جهة ما بإصدار قرار لا يدخل ضمن إختصاصاتها يكون هذا القرار مشوب بعيب عدم الإختصاص الجسيم والذي يجعل منه ليس فقط قراراً قابلاً للإلغاء ، وإنما قراراً باطلاً بطلاناً مطلقاً أي معدوم ، فمثل هذا العيب يجرد القرار من الصلة الإدارية ، وينحدر به إلى مجرد عمل مادي عديم الأثر القانوني ولا يتقيد بميعاد الستين يوماً المقررة لدعوى إلغاء القرار الإداري ، وهذا ما أرسته المحكمة العليا ورسخته في العديد من أحكامها .

وحيث أن مكتب إسترداد أموال الدولة الليبية وإدارة الأموال المُستردة أنشئ بموجب قرار المجلس الرئاسي رقم (1011) لسنة 2017م وتعديلاته . والذي نص آخرها في قرار المجلس الرئاسي رقم (241) لسنة 2021م على تبعية المكتب للمجلس الرئاسي ، كما أن المكتب خلال السنوات الثلاث الماضية سعى للتواصل مع عدة جهات دولية ذات علاقة بالأموال المنهوبة والمهربة كمعهد الأمم المتحدة لأبحاث الجريمة ، والإتحاد الأوربي ، ومكاتب الإسترداد النظيرة بالدول الأوربية ، ومنظمة "كارن" وهي منظمة مهنية تجمع بين كل من مكاتب الإسترداد بالعالم ، وصندوق النقد الدولي ، والشرطة الجنائية الدولية ، والشرطة الأوربية ، ومحكمة الجنايات الدولية ، والشرطة القضائية الأوربية ووزارة الخزانة ، ووزارة العدل الأمريكية ، وتم قبول المكتب عضواً في هذه المنظمات منذ شهر نوفمبر 2019 م وبهذا أصبح للمكتب تواجد دولي وإعتراف ضمني به .



www.aca.gov.ly

دولة ليبيا
هيئة الرقابة الإدارية
مكتب الرئيس

State of Libya
Administrative Control Authority
Office of the President

وبالتالي طي ذلك فإن إنشاء مكتب موازي يتبع رئيس مجلس الوزراء بذات الأسم وشعار مكتب الإستردادات، يُعد مخمراً سلبياً للمجتمع الدولي وخاصة الدول التي توجد بها أموال ليبية مشبوهة المصدر، الأمر الذي يعطي ذريعة لتلك الدول بالتقاعس أو الإمتناع عن التعامل مع أي من المكاتب التي أنشأتها الدولة الليبية مما يعيق عمل المكتب من إستراداد ومتابعة موضوع الأموال المتعلقة بالدولة الليبية.

عليــــه ،، فإن الأمر يتطلب سحب قرار مجلس الوزراء رقم (107) لسنة 2021م وقراركم رقم (122) لسنة 2021م وإلغاء كافة الآثار المترتبة على ذلك إعمالاً لصحيح القانون وعدم إتخاذ ما يفيد تعديل ذلك.

والأمر لديكم في الأهمية ،،

وتفضلـــــــــكم بالقبـــــــــول

سليمان محمد الشلطمي
رئيس هيئة الرقابة الإدارية

# UNCERTIFIED TRANSLATION

State of Libya.
Administrative Control Authority
Office of the President
The reference number: 7327-21
Date: 10/12/2021

Honorable Mr. / Prime Minister
government of national unity

Greetings,
Within the framework of the tasks assigned to the Administrative Control Authority under the provisions of its establishment Law No. (20) of 2013
Amended by Law No. (17) of 2016 and its executive regulations.
The authority decided to study Cabinet Resolutions No. (107) for the year 2021 regarding the determination of some provisions concerning the organizational structure of the Libyan Asset Recovery & Management Office, and the decision
No. (122) regarding the nomination of a new General Manager for the said Office.
It was found that the two above-mentioned decisions are tainted by a gross lack of competency, and flagrant rape of authority.

It is known that competence is the set of powers and responsibilities entrusted by the legislator
to an employee or to a specific management body in order to reach the goals they are assigned to achieve, when an entity undertakes to issue a decision that does not fall within its terms of reference, this decision is marred by a

serious lack of jurisdiction which makes it not only a decision subject to revocation, but rather an absolutely null and void decision, i.e. non-existent.

This defect strips the decision of any administrative character, and reduces it to a mere material action without any legal effect

and thereby is not subject to the sixty-day deadline for a lawsuit to cancel the administrative decision, and this is what the Supreme Court has established

And established it in many of its provisions.

Whereas, the Libyan Asset Recovery & Management Office was established according to the

Presidential Council decision No. (1011) of 2017 and its ensuing amendments, which was stipulated in the decision of the Presidential Council

No. (241) for the year 2021

stating that the office is affiliated with the Presidential Council, and that the office management over the past three years sought to establish trustworthy relations with several international bodies related to recovery of assets such

as United Nations Crime Research Institute of Nations, the European Union, and similar recovery offices in European countries, and the Organization

"CARIN" which a professional organization that brings together all of the recovery offices in the world, the International Monetary Fund, The International Criminal Police, the European Police, the International Criminal Court, and the European Judicial Police

The Department of the Treasury, and the US Department of Justice, the Libyan office has been admitted as an observer member of the « CARIN » since

November 2019, and with this, the office has an international presence and tacit recognition.

Accordingly, the creation of a parallel office that reports to the Prime Minister, using the same name and logo is considered a negative action in the eyes of the international community, especially the countries where there are dissipated Libyan assets.

Such a situation gives an excuse for those countries to refrain from dealing with any of the offices

Established by the Libyan state, which hinders the work of the office in terms of recovering and following up on the issue of recovery of Libyan state assets.

Therefore, the matter requires the withdrawal of Cabinet Resolution No. (107) of 2021

And your decision No. (122) for the year 2021 AD, canceling all the consequences of that, in order to uphold the correctness of the law.

And to inform us of the actions taken to implement such withdrawal.

This matter to be considered of the utmost importance.

Peace be upon you,
Suleiman Mohammed Al-Shalti
Chairman of the Administrative Control Authority